O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC(RNBx)             Date: June 7, 2013

Title: ALEJANDARO CANAS, ET AL. V. CITIMORTGAGE, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND ORDERING PLAINTIFFS TO OPPOSE DEFENDANT'S MOTION TO DISMISS**

    Before the Court are Plaintiffs' Motion to Remand and Defendant's Motion to Dismiss. After reviewing the motion, opposition, and reply, the Court herby DENIES Plaintiffs' Motion to Remand and orders Plaintiffs to oppose Defendant's Motion to Dismiss.[1]

**I.    Background**

    The facts alleged by Alejandaro and Sylvia Canas ("Plaintiffs") are as follows:

    **a. The Loan**

    On March 8, 2005, Plaintiffs executed a $632,000 loan from Citimortgage, Inc. ("Defendant") secured by a deed of trust against the subject property. Compl. ¶¶ 9-10. Defendant's loan representative rushed Plaintiffs through signing so that Plaintiffs were deprived of an opportunity to carefully read the loan documents. *Id*. ¶ 10. During this process, Defendant's loan representatives assured Plaintiffs that they would receive a

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC            Date: June 7, 2013
                                                        Page 2

---

fully amortized prime rate loan. *Id*. ¶¶ 9-10. Instead, Defendant put Plaintiffs in a subprime loan with higher loan payments. *Id*. ¶¶ 11-12.

### b. Loan Modification

Due to these higher payments, Plaintiffs sought a loan modification from Defendant in March 2010. *Id*. ¶ 12. Plaintiffs complied with instructions to submit loan modification applications. *Id*. However, Defendant's representatives falsely claimed that they had lost or never received such documents and required Plaintiffs to resubmit applications. *Id*. ¶¶ 12, 15. Defendant set short expiration dates for submitted documents, thus requiring Plaintiffs to continuously resubmit documents. *Id*. ¶ 15. Defendant's loan representative told Plaintiffs that Defendant would give them a temporary workout agreement in which Plaintiffs had to make three modified payments for three consecutive months. *Id*. ¶ 12. If Plaintiffs successfully made these payments in a timely manner, Defendant's representative assured, Plaintiff's loan modification would be permanent and Defendant would stop pursuing foreclosure. *Id*. Plaintiffs successfully made the three modified payments. *Id*. ¶ 14. Defendant then told Plaintiffs that they would not even be considered for a permanent modification. *Id*.

On June 15, 2012, Cal-Western Reconveyance Corp. ("Cal-Western"), acting as Defendant's agent, recorded a Notice of Default indicating incorrect arrearages of $106,439.13. On September 27, 2012, Cal-Western recorded a Notice of Trustee Sale, which indicated an incorrect unpaid balance of $757,598.67.

On January 16, 2013, Plaintiffs filed this action in Orange County Superior Court. Notice of Removal ("Removal") (Dkt. 1) at Ex. A; Alejandro Canas and Sylvia Canas v. CitiMortgage, Inc. et al., 30-2013-00624891-CU-OR-CJC. On February 21, 2013, Cal-Western filed a Declaration of Non-monetary Status, stating that it was only a nominal party to the action. Removal at Ex. B. The next day, Defendant removed the case to this Court. Removal (Dkt. 1). Defendant then filed its Motion to Dismiss on March 1, 2013. Mot. (Dkt. 5). On March 5, 2013, Plaintiffs filed a Motion to Remand (Dkt. 8), arguing that Cal-Western was not a nominal party and, therefore, complete diversity did not exist. Mot. to Remand at 4-5. Defendant then filed an Opposition, alleging that Plaintiffs' failure to timely oppose Cal-Western's declaration meant that they were precluded from arguing it was not a nominal party. Opp'n. at 3-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC                          Date: June 7, 2013
                                                                                                               Page 3

On April 5, 2013, this Court ordered the parties to further brief the issue of whether Cal-Western is a nominal party. Dkt. 15. Specifically, the Court directed the parties to discuss (1) whether Plaintiffs' failure to oppose Cal-Western's declaration of nonmonetary status under Cal. Civ. Code §2924l means Cal-Western is a nominal party; and (2) whether Cal-Western is a nominal party irrespective of the outcome of issue (1).

## II.     Legal Standard

Federal diversity jurisdiction requires that the parties be "citizens of different states" and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 267 (1806)).

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a).

If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC                          Date: June 7, 2013
                                                                                                    Page 4

### III. Discussion

The Court holds that diversity jurisdiction is proper and, thus, the Plaintiffs' Motion to Remand is DENIED. The Court must then address Defendant's Motion to Dismiss. Because Plaintiffs filed their Motion to Remand without opposing Defendant's Motion to Dismiss, the Court orders Plaintiffs to file their Opposition.

### a. Motion to Remand

#### 1. Cal-Western is Immune from Tort Liability.

California Civil Code Section 2924(b) (2013) establishes that "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and amount of the default under the secured obligation, deed of trust, or mortgage." The performance of statutorily required non-judicial foreclosure procedures is considered privileged communications under the qualified common-interest privilege of California Civil Code Section 47(c)(1). *See Kachlon v. Markowitz*, 85 Cal. Rptr. 3d 532, 545 (Cal. App. Ct. 2008). Such actions are immune from tort liability absent a showing of malice. *Id.* at 55; *see also* Cal. Civ. Code § 47(c)(1) (2005). In *Kachlon*, the court agreed that recordation of the notice of default was privileged and therefore immune from tort liability. 85 Cal. Rprt. 3d at 544. Likewise, the trustee is immune from liability for any good faith error in the unpaid balance statement in the notice of sale. Cal Civ. Code § 2924f(b)(7) (2013).

In *Kachlon*, the trustee allegedly recorded the notice of default without adequate investigation and failed to rescind the notice upon being shown that the promissory note had been satisfied. The court held that the trustee was immune from slander and negligence claims. The plaintiffs failed to produce any evidence indicating malice on the part of the trustee.

Similar reasoning applies to this case. Plaintiffs only allege that Cal-Western recorded a Notice of Default and Notice of Sale with incorrect balances. As noted, such recordings are privileged communications immune from tort liability without a showing of malice. In *Arthur v. JP Morgan Chase, N.A.*, the plaintiffs overcame the trustee's immunity on a motion to dismiss by providing specific evidence indicating that the trustee falsified records, greatly overstated the default amount, and listed the plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC　　　　　　　　　　　　　　　　Date: June 7, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

home on their website as a "hot property." No. C11-435SI, 2011 WL 1882078 at *4 (N.D. Cal. May 17, 2011). Here, Plaintiffs have not identified any facts suggesting that Cal-Western "went beyond its scope of duties as trustee." *Id*. Plaintiffs merely allege that Cal-Western recorded an invalid Notice of Default and Notice of Sale. Plaintiffs further allege that "Cal-Western was acting at the request, and/or benefit of [Defendant] for the sole purpose of collecting on the note." Compl. ¶ 40. However, this allegation also fails to indicate any malice on the part of Cal-Western. Therefore, Cal-Western is immune from Plaintiffs' claims, and it is unnecessary to obtain subject matter jurisdiction over it. *See Prasad v. Wells Fargo Bank, N.A.*, No. C11-894-RSM, 2011 WL 4074300 at *2 (W.D. Wash. Sept. 13, 2011).

### 2. In the Alternative, Cal-Western is a Nominal Party.

Federal diversity jurisdiction requires that the parties be "citizens of different states." 28 U.S.C. § 1332. However, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004). Nominal parties are joined merely to perform ministerial acts. *See, e.g.*, *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867 (9th Cir. 2000) (citation omitted).

Plaintiff cites *Mireles v. Wells Fargo Bank, N.A.* for the proposition that "a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012). Plaintiff's reliance on *Mireles* is misguided. In *Mireles*, the defendant argued that the plaintiff fraudulently joined a non-diverse co-defendant purely to avoid removal. The present case does not concern the fraudulent joinder of parties. Moreover, even if *Mireles* was analogous, Cal-Western's immunity prevents Plaintiffs from recovering from them. Thus, the *Mireles* standard would be met here.

This case is more in line with *Prasad*. In that case, the plaintiff's only allegation against the trustee was that it listed the plaintiff's property for foreclosure pursuant to its duties under the deed of trust. 2011 WL 4074300 at *3. Following most courts (*Id*. at *2), the court deemed the trustee a nominal defendant and held diversity jurisdiction to be proper. The circumstances are analogous here, where Plaintiffs have not made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC            Date: June 7, 2013
                                                                                             Page 6

substantive claims against Cal-Western outside of their duties as trustee. *Compare id.*, with *Silva v. Wells Fargo Bank, N.A.*, No. CV 11-3200 GAF (JCGx), 2011 WL 2437514 (C.D. Cal. June 16, 2011) (involving a trustee who allegedly falsified statements in the Notice of Default and was not the trustee authorized to initiate non-judicial foreclosure proceedings).

       Cal-Western is thus not a real party in this controversy. The relevant parties before this Court are Plaintiffs, domiciled in California, and Defendant, domiciled in Missouri for diversity purposes. This satisfies 28 U.S.C. § 1332. Therefore, diversity jurisdiction is proper on these grounds as well.

       Plaintiffs' Motion to Remand is DENIED.[2]

### b. Motion to Dismiss

       Plaintiffs bring four claims against Defendant: (1) Fraud, (2) Wrongful Foreclosure, (3) Unfair Competition, and (4) Intentional Infliction of Emotional Distress. Defendant has moved to dismiss each claim. Plaintiffs have failed to oppose Defendant's Motion to Dismiss. Plaintiffs are thus ordered to file their Opposition by Wednesday, June 12, 2013 at 12:00 p.m.

### IV. Disposition

       For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Remand and ORDERS Plaintiffs to oppose Defendant's Motion to Dismiss by Wednesday, June 12, 2013 at 12:00 p.m.

       The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                                                                       Initials of Deputy Clerk: jcb

---

[2] Because the Court deems Cal-Western a nominal party on these grounds, the Court does not need to rule on the effect of Plaintiffs' failure to oppose the Declaration of Nonmonetary Status.