UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC                            Date: July 2, 2013

Title: ALEJANDRO CANAS, ET AL. V. CITIMORTGAGE, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

     Before the Court is Defendant Citimortgage's ("Defendant's") Motion to Dismiss (Dkt. 5).[1] After reviewing the motion, opposition, and reply, the Court herby GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss.[2]

    **I.**     **Background**

The facts alleged by Alejandro and Sylvia Canas ("Plaintiffs") are as follows:

       **a. The Loan**

     On March 8, 2005, Plaintiffs executed a $632,000 loan from Defendant secured by a deed of trust against the subject property. Compl. ¶¶ 9-10. Defendant's loan representative rushed Plaintiffs through signing so that Plaintiffs were deprived of an opportunity to carefully read the loan documents. *Id*. ¶ 10. During this process, Defendant's loan representatives assured Plaintiffs that they would receive a fully amortized prime rate loan. *Id*. ¶¶ 9-10. Instead, Defendant put Plaintiffs in a sub-prime loan with higher loan payments. *Id*. ¶¶ 11-12.

       **b. Loan Modification**

---

[1] This Court determined that Defendant Cal-Western Reconveyance Corp. ("Cal-Western") was a nominal party (Dkt. 19) and, thus, Cal-Western will not be addressed in the analysis below.

[2] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC                                    Date: July 2, 2013
                                                                Page 2

---

Due to these higher payments, Plaintiffs sought a loan modification from Defendant in March 2010. *Id.* ¶ 12. Plaintiffs complied with instructions to submit loan modification applications. *Id.* However, Defendant's representatives falsely claimed that they had lost or never received such documents and required Plaintiffs to resubmit applications. *Id.* ¶¶ 12, 15. Defendant set short expiration dates for submitted documents, thus requiring Plaintiffs to continuously resubmit. *Id.* ¶ 15. Defendant's loan representative told Plaintiffs that Defendant would give them a temporary workout agreement in which Plaintiffs had to make three modified payments for three consecutive months. *Id.* ¶ 12. If Plaintiffs successfully made these payments in a timely manner, Defendant's representative assured, Plaintiff's loan modification would be permanent and Defendant would stop pursuing foreclosure. *Id.* Plaintiffs successfully made the three modified payments. *Id.* ¶ 14. Defendant then told Plaintiffs that they would not even be considered for a permanent modification. *Id.*

On June 15, 2012, Cal-Western, acting as Defendant's agent, recorded a Notice of Default indicating incorrect arrearages of $106,439.13. On September 27, 2012, Cal-Western recorded a Notice of Trustee Sale, which indicated an incorrect unpaid balance of $757,598.67.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC                                Date: July 2, 2013

                                                                                         Page 3

---

*Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

      A motion to dismiss under Rule 12(b)(6) can not be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

      Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

      Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

      Federal Rule of Civil Procedure 9(b) states that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). In addition, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC                                 Date: July 2, 2013
                                                                                                          Page 4

allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985).

However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Neubronner*, 6 F.3d at 672 (explaining that Rule 9(b)'s heightened pleading standard may be relaxed when the allegations of fraud relate to matters particularly within the opposing party's knowledge, such that a plaintiff cannot be expected to have personal knowledge).

### III. Discussion

Plaintiffs bring four claims against Defendant: (1) Fraud, (2) Wrongful Foreclosure, (3) Unfair Competition, and (4) Intentional Infliction of Emotional Distress ("IIED"). The Court will address each in turn. The Court DISMISSES WITH PREJUDICE Plaintiffs' fraud claim arising from the origination of the loan. The Court DISMISSES WITHOUT PREJUDICE the remainder of Plaintiffs' first claim and claims two and four. The Court DENIES Defendant's Motion to Dismiss as to Plaintiffs' third claim.

#### 1. Fraud

Plaintiffs allege fraud upon origination of the loan and arising out of loan modification discussions. The Court will address each in turn.

##### a. Loan Origination

California Code of Civil Procedure section 338(d) establishes that a fraud claim must be filed within three years of its accrual. Under this section, a fraud claim does not accrue until the aggrieved party discovers the facts constituting the fraud. This discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Tarsha v. Bank of America, N.A.*, No. 11-CV-928 W(MDD), 2013 WL 1316682 at *4 (S.D. Cal. Mar. 29, 2013) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 807 (2005)). "In order to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC                                                Date: July 2, 2013
                                                                                                            Page 5

the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."*Id*. "The plaintiff must plead facts demonstrating that she was not negligent in failing to make the discovery sooner." *Tarsha*, 2013 WL 1316682 at *4 (quoting *Sun 'n Sand, Inc. v. United California Bank*, 21 Cal.3d 671, 702 (1978)).

       Plaintiffs allege that, in February 2005, Defendant's representatives made false statements to Plaintiffs regarding the terms of their loan, prevented Plaintiffs from reviewing the loan documents, and deceptively placed Plaintiffs in a sub-prime loan rather than a prime rate loan. Compl. ¶ 24. Plaintiffs did not bring this claim until January 2013. Plaintiffs fail to allege a single fact indicating when discovery of the relevant facts were made and why discovery of these facts could not have been made earlier. Plaintiffs' fraud claim arising out of the loan origination are time-barred and, therefore, DISMISSED WITH PREJUDICE.

### b. Loan Modification

       The elements of fraud are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp.2d 1185, 1200 (S.D. Cal. 2010). A plaintiff must suffer actual monetary loss to recover on a fraud claim. *Taylor v. Top of the Line, Inc.*, No. B146692, 2002 WL 31839385 at *5 (Cal. Ct. App. Dec. 19, 2002). Under section 9(b) of the Federal Rules of Civil Procedure, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement and why it is false." *Id*. (quoting *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). When a plaintiff is alleging fraud against a corporation, she must also specify: "(1) the names of people who made representations; (2) their authority to speak; (3) to whom they spoke; (4) what they said; (5) and when it was said." *Delarosa v. Boiron, Inc.*, 818 F. Supp.2d 1177, 1192 (C.D. Cal. 2011) (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App.4th 153, 156 (1991)).

       In *Taylor*, the plaintiff's actual financial losses were too vague and speculative to support a fraud claim, thus leaving only the plaintiff's alleged emotional damages. 2002 WL 31839385 at *5. The court held that emotional damages alone cannot satisfy the actual financial loss element of a fraud claim. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC                           Date: July 2, 2013
                                                                                             Page 6

---

       Plaintiffs allege that, in early March 2010, Defendant's representatives told Plaintiffs that if they made modified trial payments for three consecutive months, Plaintiffs would be granted a permanent loan modification. Compl. ¶ 12. Defendant's representatives also indicated that Plaintiffs' loan modification applications were being processed when they were not. *Id.* ¶ 29. Plaintiffs contend that they incurred damages in the form of increased monthly loan payments due to the subprime loan and various forms of emotional damages. *Id.* ¶ 34-35.

       Plaintiffs' fraud claim fails to meet the damages requirement. The increased monthly loan payments stem from the alleged fraud during origination of the loan. This claim is time barred, *supra* section III.1.a, and unrelated to the alleged fraud during loan modification discussions. Plaintiffs' emotional damages cannot salvage the fraud claim under *Taylor*. Therefore, Plaintiffs' fraud claim as to loan modification is DISMISSED WITHOUT PREJUDICE.

       **2. Wrongful Foreclosure**

       A wrongful foreclosure claim is premature if there has been no foreclosure of the property. *Vega v. JP Morgan Chase Bank, N.A.*, 654 F. Supp. 1104, 1113 (E.D. Cal. 2009) (citing *Munger v. Moore*, 11 Cal. App.3d 1, 7 (1970)).

       In the present case, Plaintiffs base their wrongful foreclosure claim on the Notice of Default and Notice of Trustee Sale bearing allegedly incorrect outstanding balances and the general fraud committed by Defendant. Compl. ¶ 38. Plaintiffs failed to allege that a foreclosure sale has occurred. Plaintiffs' wrongful foreclosure claim is unripe and is, therefore, DISMISSED WITHOUT PREJUDICE.[3]

       To solve this deficiency, Plaintiffs must allege new facts showing that a foreclosure sale has occurred since the filing of their Complaint.

       **3. Unfair Competition**

       Under California's Unfair Competition Law ("UCL"), unfair competition includes any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. Cal. Bus. & Prof. Code § 17200. "Unfair acts are those that 'offend an established public policy' or are 'immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.'" *Claridge v. RockYou, Inc.*, 785 F.Supp.2d 855, 862 (N.D.Cal. 2011) (quoting *Podolsky v. First Healthcare Corp.*, 58 Cal. Rptr.2d 89, 98 (Cal. Ct. App. 1996)). "A practice may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech*

---

[3] Because the Court decides on this ground, it does not rule on the merits of the wrongful foreclosure claim, MTD at 6, or the tender rule, MTD at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC                         Date: July 2, 2013
                                                                                          Page 7

*Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 181 (1999). The plaintiff must identify a misleading statement or act (*see Stewart v. Life Ins. Co. of North America*, 388 F.Supp.2d 1138, 1144 (E.D.Cal. 2005) and lose money or property as a result of such unfair competition. *Claridge*, 785 F.Supp.2d at 862 (citing *Hall v. Time Inc.*, 70 Cal.Rptr.3d 466, 467 (Cal. Ct. App. 2008)).

       In *Sutcliffe v. Wells Fargo Bank, N.A.*, the defendant offered a permanent loan modification to the plaintiff if she successfully made three trial payments in a timely manner. 283 F.R.D. 533, 538 (N.D. Cal. 2012). The plaintiff successfully made the three trial payments but was denied a permanent loan modification. *Id*. The court held that these acts violated the UCL under both the "unfair" and "fraudulent" prongs. The court emphasized that "fraudulent, as used in the UCL does not refer to the common law tort of fraud but only requires a showing [that] members of the public are likely to be deceived." *Id*. at 548 (quoting *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2011 WL 30759 at *22 (N.D. Cal. Jan. 3, 2011)) (internal quotation marks omitted).

       Similar reasoning applies here. Defendant's loan representative told Plaintiffs that they would receive a permanent loan modification if they successfully made three modified payments in a timely manner for three consecutive months. Compl. ¶ 12. Plaintiffs successfully made the three modified payments, but were subsequently told that they would not even be considered for a permanent modification. *Id*. These three payments are sufficient to meet the "lost money" requirement under the unfair prong. Under the fraudulent prong, as in *Sutcliffe*, members of the public would likely be deceived by Defendant's assurances concerning a permanent loan modification. Therefore, the Court DENIES Defendant's Motion to Dismiss Plaintiffs' unfair competition claim.[4]

### 4. IIED

       "A claim for intentional infliction of emotional distress requires that the plaintiff allege: (i) outrageous conduct by defendant, (ii) an intention by defendant to cause, or reckless disregard of the probability of causing, emotional distress, (iii) severe emotional distress, and (iv) an actual and proximate causal link between the tortious conduct and the emotional distress." *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp.2d 1185, 1203 (S.D. Cal. 2010) (quoting *Nally v. Grace Cmty. Church*, 47 Cal.3d 278, 253 (1988)). "Conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*.

---

[4] Prevailing plaintiffs on an unfair competition claim are generally limited to injunctive relief and restitution. *Stewart v. Life Ins. Co. of North America*, 388 F.Supp.2d 1138, 1144 (E.D. Cal. 2005) (citing *Cel-Tech Communications, Inc.*, 20 Cal.4th at 179). "Plaintiffs may not receive damages…or attorney's fees. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 13-00322-DOC                            Date: July 2, 2013
                                                                                                                 Page 8

---

        In *Justo v. Indymac Bankcorp*, the plaintiff's IIED claim was based on representations made by the defendant that the plaintiff only needed to make two trial payments and sign an agreement in order to qualify for a loan modification. No. SACV 09-1116 JVS (AGRx), 2010 WL 623715 at *1 (C.D. Cal. Feb. 19, 2010). The defendant never sent the plaintiff the agreement and subsequently foreclosed on the plaintiff's property. *Id*. The court held these allegations insufficient in that they did not rise to the level of "extreme and outrageous conduct." *Id*. at *10. Likewise in *Becker v. Wells Fargo Bank, N.A., Inc.*, the court held that the defendant's misrepresentations that the plaintiff would be given a modification quickly if he followed certain instructions did not "rise to the level of conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." No. 2:10-cv-02799 LKK KJN PS, 2012 WL 6005759 at *16 9E.D. Cal. Nov. 30, 2012).

        In the present case, Plaintiffs allege that in committing acts of fraud, Defendant's intentionally caused Plaintiffs to suffer emotional distress. Compl. ¶ 58. Plaintiffs have failed to sufficiently plead their fraud claim, *supra* sections III.1.a–b. Moreover, Defendant's assurances that Plaintiffs would receive a permanent loan modification upon making three trial payments does not rise to the level of "extreme and outrageous conduct" to support an IIED claim under *Justo* and *Becker*. Therefore, Plaintiffs' IIED claim is DISMISSED WITHOUT PREJUDICE.

        If Plaintiffs wish to amend this claim, they cannot base their claim on Defendant's alleged promise of a permanent loan modification.

     **IV.**     **Disposition**

     For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss. The Court DISMISSES WITH PREJUDICE Plaintiffs' fraud claim arising from the origination of the loan. The Court DISMISSES WITHOUT PREJUDICE the remainder of Plaintiffs' first claim and claims two and four. The Court DENIES Defendant's Motion to Dismiss as to Plaintiffs' third claim.

        Plaintiffs must file any Amended Complaint on or before Friday July 19, 2013.

MINUTES FORM 11
CIVIL-GEN                                                                                                         Initials of Deputy Clerk: jcb