UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-5

CIVIL MINUTES – GENERAL

Case No. SACV 13-0322 DOC (RNBx)             Date: September 5, 2013

Title: ALEJANDRO CANAS ET AL. V. CITIMORTGAGE, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM ORDER**

      Before the Court is Plaintiffs' motion to reconsider the Court's Order of August 21, 2013. *See* Motion for Relief from Order ("Motion") (Dkt. 33). The Court finds this issue suitable for determination without oral argument, and so vacates the hearing scheduled for September 23, 2013 at 8:30 a.m. *See* Fed R. Civ. P. 78; L.R. 7-15. After reviewing Plaintiffs' Motion, the Court hereby GRANTS the motion and AMENDS its order of August 21, 2013.

      **I.     Procedural History**

      On January 16, 2013, Plaintiffs Alejandro Canas and Sylvia Canas ("Plaintiffs") filed this action in Orange County Superior Court. Notice of Removal ("Removal") (Dkt. 1) at Ex. A. On February 21, 2013, Defendant Cal-Western filed a Declaration of Non-Monetary Status, stating that it was only a nominal party to the action. Removal at Ex. B. The next day, Defendant CitiMortgage, Inc. ("CitiMortgage") removed the case to this Court. Removal (Dkt. 1).

      Defendants filed a Motion to Dismiss (Dkt. 5) and Motion to Strike (Dkt. 7) on March 1, 2013. Plaintiffs did not file an opposition to the motions, but did file a Motion to Remand on March 5, 2013 (Dkt. 8). The Court granted Defendants' Motion to Dismiss as unopposed and dismissed the Complaint without prejudice (Dkt. 14). In that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0322 DOC (RNBx)            Date: September 5, 2013
                                                                                     Page 2

Order, the Court stated that a failure by the Plaintiffs to oppose another motion to dismiss would result in a dismissal with prejudice. *See id*.

The Court vacated this dismissal on April 5, 2013, in light of the jurisdictional nature of the parties' arguments regarding Defendant Cal-Western's status. Order Vacating Plaintiff's Complaint and Ordering Additional Briefing (Dkt. 15). The Court also ordered supplemental briefing on the jurisdictional issues.

On June 7, 2013, the Court denied Plaintiffs' Motion to Remand and ordered Plaintiffs to file an opposition to the Motion to Dismiss by June 12, 2013, at 12:00 p.m. Order, June 7, 2013 (Dkt. 19). Although Plaintiffs filed a late opposition, the Court in its discretion considered the opposition timely, noting that Plaintiffs should not expect further leniency for late motions. Order, June 7, 2013 at n.1. The Court ultimately granted in part and denied in part the Motion to Dismiss. Order, July 2, 2013 (Dkt. 26). The Court dismissed with prejudice Plaintiffs' fraud claim arising from the origination of the loan and dismissed without prejudice the remainder of Plaintiffs' fraud claims, the wrongful foreclosure claim, and the intentional infliction of emotional distress ("IIED") claim. Order, July 2, 2013, at 4. The Court denied the motion with respect to Plaintiffs' unfair competition claim under California Business and Professions Code § 17200. *Id*.

Plaintiffs filed their First Amended Complaint ("FAC") on July 17, 2013 (Dkt. 28). The FAC states only two causes of action: unfair competition and IIED. FAC ¶¶ 16-23, 24-33). Although the FAC includes "fraud" in its caption, no fraud cause of action is included. *See* FAC at 1. Defendants filed a Motion to Dismiss Plaintiffs' IIED cause of action (Dkt. 30) and a Motion to Strike several sections of the FAC associated with that action (Dkt. 29) on August 5, 2013.

Plaintiffs' response to these motions was due August 19, 2013. Plaintiff did not file a response to either motion. The Court granted the Motion to Dismiss, dismissed Plaintiffs' FAC with prejudice, and denied the Motion to Strike as moot. Order, August 21, 2013 (Dkt. 32).

Plaintiffs filed the instant Rule 60 Motion requesting relief from that Order, pointing out that the Motion to Dismiss addressed only Plaintiffs' claim for IIED, and so dismissal of the FAC was erroneous.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0322 DOC (RNBx)            Date: September 5, 2013
                                                                                        Page 3

## II. Analysis

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

The Local Rules provide further guidance. Local Rule 7-18 provides that a motion for reconsideration of a decision on any motion may be made only on the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. Finally, the Local Rule states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id*.

In this case, the Defendants' Motion to Dismiss addressed only the IIED claims. Dismissal with prejudice of the whole FAC was thus improper and not the intention of the Court. The remainder of Plaintiffs' FAC should remain active.

## III. Disposition

In light of the foregoing, the Court GRANTS Plaintiffs' Motion and AMENDS its August 21, 2013 prior order as follows:

- Plaintiffs' claim for IIED is DISMISSED WITH PREJUDICE.
- Defendants' Motion to Strike remains DENIED AS MOOT because it addressed material in the FAC that related only to the IIED claim.
- Plaintiffs' First Amended Complaint filed July 17, 2013, remains otherwise in effect.
- The trial schedule described in the Court's July 10, 2013, Scheduling Order (Dkt. 27) remains in effect:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0322 DOC (RNBx)          Date: September 5, 2013
         Page 4

---

- Discovery Cut Off:     02-14-2014
- Motion Cut Off:     04-07-2014 at 8:30 a.m.
- Final Pre-Trial Conference:     06-02-2014 at 8:30 a.m.
- Jury Trial:     06-17-2014 at 8:30 a.m. (Est: 4 days)

      The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN          Initials of Deputy Clerk: jcb